UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:12-cr-111-FtM-29CM

TEDDY LEKON

_____

### OPINION AND ORDER

This matter comes before the Court on the Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #465) filed on January 26, 2015.  Defendant filed a Response (Doc. #466), and the Court directed the parties to file supplemental memoranda (Doc. #482).  The parties each filed a memorandum (Docs. ## 485, 492), and the Court scheduled a hearing on the motion (Doc. #494).  On April 29, 2015, defendant filed a Renewed Motion for a Downward Departure and for a Guideline Variance (Doc. #497).  The Court held a hearing on June 3, 2015, with defendant present, and heard argument from counsel.

The Court has no freestanding jurisdiction to "re-sentence" defendant as suggested in defendant's Renewed Motion.  The jurisdiction of the Court is limited to that allowed under Rule 35(b), although in the unique circumstances of this case, it allows the Court to consider defendant's requests for downward departures

and a variance. Defendant's Renewed Motion (Doc. #497) is therefore denied.

Defendant Teddy Lekon pled guilty to conspiracy to distribute 1,000 kilograms or more of marijuana. On July 29, 2013, defendant's scheduled sentencing was continued until September 23, 2013, to allow defendant time to complete his substantial assistance. (Docs. ## 343, 344.) The sentencing was again continued, until October 28, 2013, because defendant's cooperation was not complete. (Docs. ## 377, 378.) The sentencing was continued a third time, until January 21, 2014, to allow completion of defendant's cooperation. (Docs. ## 387, 388.) The sentencing was continued a fourth time, until February 10, 2014, to allow completion of defendant's cooperation. (Docs. ## 408, 409.) The Court declined to again continue sentencing, and on February 10, 2014, defendant was sentenced to the mandatory minimum 120 months imprisonment after the government declined to file a motion based upon incomplete substantial assistance (Doc. #418). The government agreed at the sentencing hearing, however, that when defendant's substantial assistance was completed, and a Rule 35 motion filed, the Court could consider not only defendant's cooperation but any bases for departures or a variance. The government repeated that position in writing on April 2, 2015. (Doc. #492.)

At the original sentencing, defendant was held personally responsible for approximately 816 kilograms of marijuana. Defendant's total offense level was 27, and his criminal history was Category II, which would result in a Sentencing Guidelines range of 78-97 months.  Because of the statutory mandatory minimum and the lack of a substantial assistance motion by the government, the Sentencing Guidelines "range" became 120 months.  At the time of the original sentencing the Court did not consider defendant's cooperation with the government, deferring such consideration until the filing of the Rule 35(b) motion.

The Court is not bound by the government's recommended reduction, but has the authority to grant a reasonable reduction based upon its evaluation of factors related to defendant's assistance.  United States v. Livesay, 525 F.3d 1081, 1091-1092 (11th Cir. 2008)("It remains true that after the government has made a motion for downward departure pursuant to U.S.S.G. § 5K1.1, the government has no control over whether and to what extent the district court will depart from the Guidelines. [ ] The district court's downward departure need only be reasonable." (internal citations omitted)).  In determining the extent of a § 5K1.1 departure, "the district court must consider the five non-exclusive § 5K1.1 factors, which are: (1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of

the defendant's information and testimony; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or risk of injury or danger to the defendant and his family as a result of his assistance; and (5) the timeliness of the assistance." <u>Livesay</u>, 525 F.3d at 1092.  Other factors may be considered only if they relate to the assistance provided by defendant.  <u>Id.</u>  The same legal principles apply to a Rule 35(b) motion.

The Court finds that defendant's assistance does qualify as substantial assistance under Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e), and therefore defendant qualifies for a reduction in sentence.  Defendant was interviewed and debriefed by law enforcement officers on several occasions, provided historical information about the marijuana activities, was unable to engage in proactive activities, and agreed to testify, but was not required to do so as the other cases ended in guilty pleas.  The Court will grant a two level reduction based upon this cooperation. This results in a Total Offense Level of 25, a Criminal History Category of II, and a range of imprisonment of 63 to 78 months.

Given the government's agreement, the Court will also consider any potential departures and a variance.  The Court finds that there is no basis for departures, including those based upon the overrepresentation of defendant's criminal history or his

medical condition. The Court further finds that there is a basis for a variance based upon defendant's medical condition, as described in the Presentence Report. The Court will grant a two level variance, resulting in a Total Offense Level of 23, Criminal History Category of II, and a range of 51 to 63 months imprisonment.

The Court finds that a sentence of 51 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a) after considering defendant's substantial assistance and reason for variance in addition to the previously considered advisory recommendation of the Sentencing Guidelines and all the factors identified at 18 U.S.C. § 3553(a)(1)-(7). All other components of the original sentence shall remain as originally imposed.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Renewed Motion for a Downward Departure and for a Guideline Variance (Doc. #497) is **DENIED**.

2. The Government's Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #465) is **GRANTED** as set forth above.

3. The Clerk of the Court shall enter an amended judgment reducing the sentence imposed to 51 months imprisonment as

to the above-named defendant, and otherwise leaving all other components of the sentence as imposed in the previously entered judgment.

**DONE and ORDERED** at Fort Myers, Florida, this ___8th___ day of June, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal
DCCD

Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331